## JESS BUSH v. THE STATE.

### No. 2197. Decided March 5, 1913.

### Rehearing denied June 11, 1913.

**1.—Seduction—Continuance.**

Where it appeared on the face of the application for continuance that the absent testimony was not material, there was no error in overruling same.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of seduction, the evidence sustained a conviction under a proper charge of the court, there was no error.

**3.—Same—Accomplice—Charge of Court—Corroboration.**

Where, upon trial of seduction, the court's charge on corroboration of accomplice testimony was more onerous on the State than the law requires, defendant could not complain.

**4.—Same—Definition of Offense—Charge of Court.**

Where the court's charge in defining seduction followed approved precedent, there was not error.

**5.—Same—Chastity—Charge of Court—Words and Phrases.**

Where the court's charge on chastity upon trial of seduction was sufficient, the use of the words that "if prosecutrix had previously had intercourse with a man" did not justify the criticism, "that it might have been a boy," as there was no such evidence.

Appeal from the District Court of Jones. Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of seduction; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*C. P. Chastian* and *Chapman & Coombes,* for appellant.—On question of continuance:  Kelley v. State, 24 S. W. Rep., 295; Creighton v. State, 51 S. W. Rep., 910.

On question of court's charge on accomplice:  Bell v. State, 47 S. W. Rep., 1010; Jordan v. State, 51 Texas Crim. Rep., 145, 101 S. W. Rep., 247; Early v. State, 56 Texas Crim. Rep., 61, 118 S. W. Rep., 1036.

On question of unchastity of female:  Barnes v. State, 39 S. W. Rep., 684; Nolan v. State, 48 Texas Crim. Rep., 436, 88 S. W. Rep., 242; Simmons v. State, 54 Texas Crim. Rep., 619, 114 S. W. Rep., 841; Muhlhause v. State, 56 Texas Crim. Rep., 288, 119 S. W. Rep., 866; Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 967.

On question of making promise of marriage conditionally:  Spenrath v. State, 48 S. W. Rep., 192; Simmons v. State, 54 Texas Crim. Rep., 619, 114 S. W. Rep., 841.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of continuance:  Lillard v. State, 17 Texas Crim. App., 114; Dunlap v. State, 9 Texas Crim. App., 179; Wooldridge v. State, 13 id., 443; Pruitt v. State, 30 Texas Crim. App., 156; Snodgrass v. State, 36 Texas Crim. Rep., 207.

On question of court's charge:  Clifton v. State, 46 Texas Crim. Rep., 18.

HARPER, JUDGE.—Appellant was prosecuted, charged with seduction, adjudged guilty, and his punishment assessed at five years confinement in the penitentiary.

In the first bill of exceptions he complains of the action of the court in overruling his application for a continuance on account of the absence of two witnesses, by whom he states he expects to prove that each of them "had hugged and kissed" the alleged injured female.  The record discloses that if either of the persons named had ever been with Miss Dutton it was long prior to the date of the alleged seduction; that appellant, and appellant alone, had visited her for two years immediately preceding the date of this trial, and that the absent witnesses had not been with her during that period of time, and under the record in this case, the testimony is not of that material nature which would enable us to say that the court abused his discretion in overruling the application for a continuance.

The next bill complains of the insufficiency of the testimony.  Appellant testified in the case, and admitted that he, and he alone, had been going with Miss Dutton for about two years; that he went with her frequently, and she visited the best people in the neighborhood, going with her to parties, to church, and other places.  He also admitted hav-

ing sexual intercourse with her on the occasions stated by her, but he denies that he was engaged to marry her at the time, or that he had ever promised to marry her. We think the facts and circumstances in the case corroborates her as to the material issues in the case. The court instructed the jury that the corroboration of Miss Dutton's testimony "must extend to and include the promise of marriage, if any, and the act of intercourse," and the charge on accomplice testimony is one frequently approved by this court, and in fact it is not only not subject to the criticism made by appellant, but is more onerous on the State than the law requires, for it required not only that her testimony connect the defendant with the commission, but also required the jury "to believe beyond a reasonable doubt that her testimony was true, and that she has been corroborated by other evidence *connecting* the defendant with the offense charged."

The criticism of the definition of the word "seduce" is without merit. The definition is full and complete, and this paragraph instructs the jury: "The crime of seduction is not complete unless the female alleged to have been seduced be at the time of the act, a chaste person, unmarried and under the age of twenty-five years, and was persuaded to surrender her chastity and have carnal intercourse with the man by reason of his promise of marriage to her, and must have relied on the promise of marriage, and must not have surrendered her virtue or yielded to his desires through any other consideration."

There was no error in refusing the two special charges requested, as they were fully covered by the court in his main charge. The court instructed the jury that if Miss Dutton was not a chaste woman, or if she had ever had intercourse with any other man, or if she yielded her person upon a conditional promise of marriage, or if she yielded because of her own amorous desires, or the jury had a reasonable doubt on either of these issues, appellant would not be guilty of any offense, and was a fair presentation of every issue in the case.

The criticism that "the court erred in instructing the jury that if she ever had intercourse with a man, to acquit, in that the jury might have been misled, because it might have been a boy who had intercourse with her," is hypercritical, and has no foundation in the testimony. The only person besides appellant who testified he had ever had intercourse with Miss Dutton was defendant's brother, and the evidence discloses he is a full grown man. However, Miss Dutton denies ever having had intercourse with this brother.

We have carefully reviewed each ground in the motion for new trial, and none of them present reversible error.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 11, 1913.—Reporter.]